No. 2348.

JULES SONNENTHIEL V. T. M. SKINNER ET AL.

1. NEGOTIABLE INSTRUMENTS.—A certificate paid by the city clerk of a municipal corporation to the effect that by the terms of a contract on file, the corporation agreed to pay the contractor a designated sum of money on a day certain, and the written order of the contractor to pay to a third party such money, are not negotiable. When transferred, they only evidence the right of the holder to maintain whatever claim the contractor might have to receive the money on the day specified.

2. SAME.—The owner of such certificate and order, holding the same by transfer, succeeds as between himself and the original holder, to whatever equitable rights the latter may have had.

APPEAL from Galveston. Tried below before the Hon. William H. Stewart.

This suit was brought against the city of Galveston by appellant, Sonnenthiel, as the assignee and holder for value of the following instruments, which referred to a fire alarm contract between the appellee Skinner and the city, viz.:

"This is to certify, that according to the terms of a contract between T. M. Skinner and the city of Galveston, now on file in the office of the City Clerk of Galveston, the city of Galveston agrees to pay to T. M. Skinner the sum of fifteen hundred dollars on the first day of May, 1886.

"F. T. L'ESTRANGE, Auditor.
(Signed)      "DAN'L J. BUCKLEY,
"City Clerk.

MUNICIPAL
SEAL.      "Galveston, May 3, 1885."
"Endorsed:   T. M. Skinner."

The other instrument sued on as an acceptance was as follows:

"141.                    GALVESTON, TEXAS, May 5, 1885.
"*Dan'l J. Buckley, City Clerk:*

"Please pay to the order of Gus. Schultz the sum of fifteen hundred dollars, and charge to my contract for 1885 and 1886, and oblige      (Signed)      THOMAS M. SKINNER.

"$1500.

"Endorsed:   Gus. Schultz."

Plaintiff charged that the city of Galveston accepted said order or draft, through its clerk, D. J. Buckley impressing its corporate seal thereon.

Skinner failed, as it would seem, to comply with his contract with the city, when Hall, under a power of attorney, and with the consent of the city, took possession of the fire alarm system which Skinner had failed to operate. Hall's power of attorney from Skinner was irrevocable; acknowledged the ownership of the fire alarm telegraph to be in Hall, and provided: "The purpose of this instrument being to authorize and empower the said Hall, at any time he may deem proper, without notice of any kind, to take possession and control of said property and all my rights under said contract, and for me and in my name, place and stead, to continue to carry out the same, for the city of Galveston, and I hereby release and relinquish to said Hall, at his option, all my rights therein."

When Hall took possession of the fire alarm system, he executed a bond to the city to carry out the provisions of Skinner's contract. The appellant, Sonnenthiel, knew, before his purchase of the written instruments above set forth, of the contract between Skinner and the city, and of its provisions. By the terms of Skinner's contract, he bound himself to keep and maintain the fire alarm system in good repair for five years. Hall's power of attorney was recorded, and the chief contest seems to have been as to whether the instruments above set forth were negotiable. It should be stated that the city clerk, Buckley, testified that he had no authority to issue the certificate of indebtedness set forth.

The record in this case is filled with much immaterial matter relating to things not referred to in the opinion, and therefore not necessary to be referred to here.

The court rendered judgment against Skinner and Schultz for plaintiff, to which Schultz excepted; that plaintiff take nothing as against the city; in favor of the city against plaintiff for its costs, to which plaintiff excepted; and in favor of Hall, intervenor, against the city for fifteen hundred dollars, to which also plaintiff excepted.

*Labatt & Nobles* and *F. Charles Hume,* for appellant, cited Carroll v. Welch, 26 Texas, 149, 150; Hillyard v. Crabtree, 11 Texas, 267, 268, citing approvingly Britton v. Turner, 6 New Hampshire, 495.

*Wheeler & Rhodes,* for appellees, cited Charter of the city of Galveston, sections 16 and 30; Revised Statutes, Article 427, page 73; American Law Register, new series, volume 6, page 146; 1 Wait's Actions and Defenses, 562; Edwards on Bills, 136; Daniels on Negotiable Instruments, volume 1, pages 39, 324; Kelly v. Bronson, 4 Northwestern Reporter, 607.

STAYTON, ASSOCIATE JUSTICE. The instruments dated May 3 and 5, 1885, were not negotiable, and with the endorsements thereon but evidence the right of the appellant to maintain whatever claim Skinner might enforce against the city of Galveston for the installment falling due, under his contract with the city, on May 1, 1886.

As against the city of Galveston, the contract between it and Skinner was the sole foundation on which the latter, or any one claiming through him, could assert any right. Whether the facts existed which authorized Hall to take possession of the fire alarm system was passed on by the court below, and there is no assignment of error which calls for a revision of the finding on that point. The power conferred on Hall by Skinner, through the contract between them, and the power of attorney given by the latter to the former, was very broad, and from an examination of the record we see no reason to doubt that Hall had the right to assume control of the fire alarm system.

Hall seems to have been the owner of the subject matter of contract between the city of Galveston and Skinner, which, however, he subsequently agreed to sell to the latter on terms agreed upon. The city agreed to pay Skinner the sum of seven thousand five hundred dollars for the system, as it was, and as Skinner contracted to make it, the same to be paid in five equal annual installments. It further agreed to pay to Skinner a like sum, in equal monthly installments, for his services and material and other things to be by him supplied and used in keeping the system in good order during a period of five years. The first annual payment was made to him, and all the monthly payments were made to him which became due before December 1, 1886.

Prior to that time, Hall took possession of the fire alarm system under the power given to him by Skinner, and under the contract between them, and from that time operated the system; and under this state of facts it is now contended that Skinner was entitled to receive such proportion of the second year's

annual payment as the time he operated the fire alarm system during that year bears to the second year, and that the appellant is entitled to this by reason of the assignment under which he claims.

If such was the right of Skinner, it would seem that such would be the equitable right of appellant; but we are of the opinion that, under the agreements between Hall and Skinner, the former became entitled to whatever rights the latter had under his contract with the city, in so far as settlement had not been made between the city and Skinner prior to the time Hall took possession.

There may have been equities between Hall and Skinner growing out of the contracts between them, of which, had they been properly asserted in this case, the appellant might have had the benefit. If so, such equities were not asserted in this case.

We find no error in the judgment. and it will be affirmed.

*Affirmed.*

Opinion delivered March 1, 1887.